UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL CHILDRES,

                Petitioner,         **DECISION AND ORDER**

v.

                                       09-CV-00930(A)(M)

SUPERINTENDENT HAGGETT,

                Respondent.

---

        This action has been referred to me by Order of Hon. Richard J. Arcara for all proceedings necessary to a determination of the factual and legal issues presented and to prepare and submit a Report and Recommendation [13].[1] Before me are petitioner's motions for miscellaneous relief [16] and for appointment of counsel [15, 17, 20]. For the following reasons, I order that petitioner's motion for miscellaneous relief be granted in part and denied in part, and that petitioner's motions for appointment of counsel be denied, without prejudice.

## BACKGROUND

        Petitioner was convicted of various crimes for allegedly raping his 13 year-old daughter at a motel on July 31, 1999. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, vacating his conviction because he was deprived of effective assistance of trial and appellate counsel. Petition [1].

---

      [1]     Bracketed references are to the CM/ECF docket entries.

## ANALYSIS

**A.     Motion for Miscellaneous Relief**

Petitioner's motion for miscellaneous relief seeks various discovery, an extension of time to file a reply to respondent's answer, and appointment of counsel (addressed below) [16].

**1.     Discovery**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, "[a] Judge may, for good cause, authorize a party to conduct discovery". Rule 6(a) of the Rules Governing Section 2254 Cases.

**a.     Production of the Appendix to the Answer**

Petitioner alleges that he does "not know if [he has] received a full set of documents" because "[t]he envelope containing the documents [sent by respondent's counsel to petitioner with respondent's answer] was unsealed and ripped open". Petitioner's Affidavit [16], ¶2. In response, respondent argues that "[s]ince there is a table of contents which identifies all of the documents contained within the appendix, petitioner should be capable of making a determination as to what if anything is absent from his copy". Gilligan Affirmation [19], ¶2. Because petitioner fails to identify which documents he believes are missing from the appendix,

this aspect of petitioner's motion is denied, without prejudice to renewal identifying the specific missing documents.

### b. Production of the Trial, Hearing, and Grand Jury Transcripts[2]

Petitioner argues that "[i]t is impossible to prosecute this petition without having the benefit of all transcripts from trial, hearings and grand jury proceedings. The reason for this is two fold: 1. Petitioner must carefully examine testimony from People's witnesses to demonstrate that a medical expert would have discredited each and every such witness to the extent that the outcome of the trial would have been more favorable. 2. To demonstrate that in arriving at its decision on this case the Appellate Division, Fourth Department, erroneously applied the facts from the record of proceedings in the case in light of the evidence." Petitioner's Affidavit [16], ¶4.

"The Court does not question in this matter that the habeas petitioner, pro se or otherwise, who is challenging his state court conviction has a legitimate need for the transcripts of the underlying state criminal trial court proceedings". Rodriguez v. Artus, 2008 WL 919629, *1 (W.D.N.Y. 2008) (Foschio, M.J.). Therefore, respondent's counsel shall provide petitioner with copies of the trial transcripts, as well as any related hearings, by December 1, 2010.[3]

---

[2] Petitioner had previously moved for production of the trial transcripts [10]. This motion was denied, without prejudice, by Hon. Charles J. Siragusa. June 15, 2010 Decision and Order [11], p. 5. Judge Siragusa concluded that the motion was "moot in light of the direction . . . . for the Clerk of the Court, Supreme Court, Monroe County to submit such transcripts to respondent . . . for filing and service herein". Id. Nevertheless, it appears that petitioner was never provided with a copy of the trial transcripts.

[3] "If any of the material to be produced is subject to the restrictions of New York Civil Rights Law, § 50-b, respondent shall so notify the court prior to producing the transcripts, and the Court will restrict petitioner's use of the transcripts." Rodriguez, 2008 WL 919629 at *2 n. 2.

However, petitioner provides no rationale for why he requires the grand jury transcripts. Under these circumstances, this aspect of petitioner's motion is denied, without prejudice to renewal. See Charles v. Artuz, 21 F.Supp.2d 168, 169 (E.D.N.Y. 1998) ("Charles seeks discovery of various materials relating to his state court conviction [, including the grand jury transcripts,] which, he claims in conclusory fashion, he needs 'to fairly and adequately present his Federal Law claims in a Federal judicial form in their appropriate manner.' In the Court's view, the petitioner's motion does not establish 'good cause' for the desired documents").[4]

### c. Production of Guest Registration Receipt and Genesee Hospital Records

Petitioner argues that he "needs a clear original copy of the purported guest registration receipt" because "[t]his receipt does not bear a clear date and it is the identification of the date on that receipt which either places Petitioner in the motel at the time alleged or does not." Petitioner's Affidavit [16], ¶3. In response, respondent has produced an additional copy of the receipt, which legibly depicts the date. Gilligan Affirmation [19], Ex. A. Therefore, this aspect of petitioner's motion is denied as moot.

Petitioner also seeks an "original copy of the Genesee Hospital record . . . that was moved into evidence supposedly" because "none are marked into evidence and must be thusly

---

[4] Respondent's reliance on Gonzales v. Fisher, 2003 WL 22953072, *13 (E.D.N.Y. 2003) is misplaced. In Gonzales, the court ruled that the state court's denial of the petitioner's request for a free copy of the trial transcript to prepare a *coram nobis* motion challenging the effectiveness of his appellate attorney did not warrant habeas relief. Here, petitioner is not raising the failure to produce the trial transcript as a ground for habeas relief.

concluded that the trier of fact deliberated without the evidence". Petitioner's Affidavit [16], ¶3. Petitioner argues that "[t]his is significant because the . . . records go to the proof that there was not a trace of Petitioner's DNA found on the victim." Id.[5]

As discussed above, petitioner will soon be provided with a copy of the trial transcript, which should confirm whether these records were admitted into evidence at trial. Therefore, petitioner's motion is denied, without prejudice to renewal.

**2.      Extension of Time to File a Reply**

Petitioner seeks an extension until November 15, 2010 to file a reply to respondent's answer. Petitioner's Affidavit [16], p. 8. This aspect of petitioner's motion is granted.

**B.      Motions for Appointment of Counsel**

"It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding . . . ; rather the appointment of counsel . . . is a matter of discretion." Bligen v. Woughter, 2010 WL 779330, *1 (S.D.N.Y. 2010) (*citing* Wright v. West, 505 U.S. 277, 293 (1992)). Thus, "in determining whether, in the interest of justice, counsel should be appointed for a habeas petitioner, the Court considers the same factors as it considers on counsel applications by indigent plaintiffs under 28 U.S.C. §1915". McGrigg v. Killian, 2009 WL 536048, *1 (S.D.N.Y. 2009).

---

[5]      Petitioner's motion attaches a copy of these records. Petitioner's Motion [16], ¶3. Ex. C.

First, the court should "determine whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). Once it is determined that the claim meets the threshold merits requirement, the Court should consider a number of other factors, including (1) the nature of the factual issues the claim presents, and petitioner's ability to conduct an investigation of the facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) petitioner's apparent ability to present the case; (4) whether the legal issues involved are complex; (5) whether appointment of counsel would lead to a quicker and more just determination of the case; and (6) petitioner's efforts to obtain counsel. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause". Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Romero v. Napoli, 2009 WL 212415, *1 (S.D.N.Y. 2009) (*citing* Cooper, 877 F.2d at 174).

With these considerations in mind, I find that the standard for appointment of counsel has not been met. Petitioner's motion fails to demonstrate that he is unable to present any relevant facts or to understand his legal position. Similarly, petitioner's motions fail to

demonstrate that the legal issues in his case are complicated, or that appointment of counsel would lead to a more just determination.

Petitioner's motions center on the fact that he is suffering from lung cancer and is undergoing radiation causing him to "lack[] the energy to get the work done".  Petitioner's Affidavit [16], ¶4.  *See also* Petitioner's Motion [15], pp. 1-2; Petitioner's Motion [17], ¶4.  He also argues that his treatment requires frequent medical trips that interfere with his ability to utilize the law library.  Petitioner's Affidavit [16], ¶4.  To the extent petitioner's medical condition inhibits his ability to meet any court imposed deadlines in this case, he is free to move to for an extension.

Petitioner further argues that he "has presented sufficient facts, especially concerning missing documents, to support the appointment of counsel in this case".  Id.  Any assertion that respondent has unlawfully withheld or caused relevant documents to go missing is mere conjecture.  Moreover, as demonstrated above, petitioner is capable of identifying and seeking necessary discovery from respondent.

Therefore, I find that the interests of justice do not necessitate the appointment of counsel in this case, and petitioner's motion for appointment of counsel is denied, without prejudice to renewal.  At this time, it remains petitioner's responsibility to retain an attorney or to prosecute this action *pro se*.  In order to assist petitioner in pursuing this case *pro se*, the clerk of court is directed to send petitioner the court's booklet entitled "*Pro Se* Litigation Guidelines".

## CONCLUSION

For these reasons, petitioner's motion for miscellaneous relief [16] is granted in part and denied in part as set forth herein, and petitioner's motions for appointment of counsel [15, 17, 20] are denied, without prejudice. Respondent's counsel shall provide petitioner with copies of the trial transcripts, as well as any related hearings by December 1, 2010.

Dated: November 15, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge